NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN VALLADARES<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION AS TRUSTEE FOR THE FANNIE MAE REMIC TRUST 2006-38, et al.,<br><br>Defendants. | Civil Action No. 15-1946 (ES) (MAH)<br><br>OPINION |

SALAS, DISTRICT JUDGE

Pending before the Court is the motion to dismiss filed by Federal National Mortgage Association as Trustee for the Fanie Mae Remic Trust 2006-38 ("Fannie Mae"), Bank of America, N.A., ("BANA"), and Mortgage Electronic Registration System, Inc. ("MERS") (collectively, "Defendants"). (D.E. No. 6). The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, the Court GRANTS Defendants' motion to dismiss.

I.     FACTUAL BACKGROUND & PROCEDURAL HISTORY

*Pro se* Plaintiff Marvin Valladares is the owner of property located at 54 Mission St. Montclair, New Jersey (the "Property"). (D.E. No. 1, Complaint ("Compl.") ¶ 1). On March 24, 2006, MortgageIt, Inc. ("MortgageIt") issued a residential loan (the "Loan") to Plaintiff for the Property. (*Id.* ¶ 30). On the same day, Plaintiff executed a note (the "Note") promising to pay MortgageIt in monthly payments. (*Id.* ¶ 31). Also on this date, Plaintiff executed a mortgage (the "Mortgage") identifying MortgageIt as the lender and MERS as the trustee. (*Id.* ¶ 32).

1

According to Plaintiff, on April 28, 2006, the Note was bundled and sold to investors as a "'Mortgage Back[ed] Security', issued by [Fannie Mae], entitled FANNIE MAE REMIC TRUST 2006-38" (the "Trust"). (*Id.* ¶ 33). Upon belief, Plaintiff contends that Defendant BANA is the servicer of the Loan. (*Id.* ¶ 38). Accordingly, Plaintiff asserts that "Defendants and [the Trust] are not holders or holder in due course of the [Note] . . . and have no right to declare a default and no right to attempt to consummate a foreclosure" on the Property. (*Id.* ¶ 41).

On March 16, 2015, Plaintiff filed the instant Complaint.[1] (D.E. No. 1). Specifically, the Complaint contains thirteen counts: (1) declaratory relief; (2) injunctive relief; (3) quiet title; (4) negligence per se; (5) accounting; (6) breach of the covenant of good faith and fair dealing; (7) breach of fiduciary duty; (8) wrongful foreclosure; (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607; (10) violation of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; (11) fraud in the concealment; (12) intentional infliction of emotional distress; and (13) slander of title. (*Id.* ¶ 142-262).

On April 15, 2015, Defendants filed the instant motion to dismiss. (D.E. No. 6). Defendants assert that the Complaint should be dismissed for Plaintiff's failure to state a claim. (D.E. No. 6-3, Brief in Support of Defendants' Motion to Dismiss ("Def. Mov. Br.") at 7-25).

On May 5, 2015, Plaintiff submitted a notice of pending bankruptcy seeking a stay in the proceedings pursuant to 11 U.S.C. § 362(a)(3). (D.E. No. 8). Pursuant to § 362(a)(3), a bankruptcy petition "operates as a stay . . . of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Here, it is Plaintiff who initiated the instant suit; Defendants are not seeking to obtain

---

[1] The Complaint is strikingly similar to other complaints filed in the District of New Jersey. Aside from the names of the parties and dates regarding the Note and Mortgage, the Complaint is nearly identical to the complaints filed in at least three other cases before the Undersigned and numerous cases before other District Court Judges in this District.

2


possession of the Property.  Accordingly, on July 9, 2015, the Court held a telephone conference and ruled that Plaintiff was not entitled to an automatic stay under 11 U.S.C. § 362(a)(3).  (*See* D.E. Nos. 9, 11).  The Court ordered Plaintiff to file a brief in opposition to Defendants motion to dismiss.  (*See* D.E. No. 11).

On July 20, 2015, Plaintiff filed a brief in opposition to Defendants motion to dismiss. (D.E. No. 12, Plaintiff's Response to Motion ("Pl. Opp. Br.")).  Plaintiff asserts that an actual controversy exists, but that Plaintiff should be granted leave to amend the Complaint.  (*Id.* at 6, 9). Importantly, Plaintiff also agrees to withdraw the following claims: negligence per se, breach of the implied covenant of good faith and fair dealing, violation of HOEPA, accounting, violation of RESPA, negligent infliction of emotional distress, and slander of title.  (*Id.* at 3-4).  The motion is now ripe for adjudication.

## II.     JURISDICTION

Before addressing the merits, the Court must determine whether subject matter jurisdiction is proper.  Plaintiff alleges that subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 because Plaintiff is resident of New Jersey, "Defendants are business entities organized in a state or jurisdiction other than New Jersey," and the amount in controversy exceeds $75,000.  (Compl. ¶¶ 14-17).   The Court concludes that these allegations are sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though the pleading standard of Rule 8 does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  In addition, the plaintiff's "short and plain statement of the

claim" must "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court "must accept all well-pleaded allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Furthermore, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Porher*, 363 F.3d 229, 235 (3d Cir. 2004)).

The Court also notes that pleadings submitted by *pro se* litigants are subject to liberal construction. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court is required to accept a *pro se* plaintiff's well-pleaded factual allegations as true while drawing reasonable inferences in his or her favor. *Capogrosso v. Sup.Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). However, a *pro se* complaint must still contain sufficient factual matter to state a claim to relief

4

that is plausible on its face. *See Franklin v. GMAC Mortgage*, 523 F. App'x 172, 173 (3d Cir. 2013).

## IV. DISCUSSION

### A. Count One (Declaratory Relief)

Pursuant to Count One, Plaintiff seeks a "judicial determination" as to whether: (1) Defendants are the holders of the Note; (2) Defendants are the legal mortgagees and/or beneficiary under the Mortgage; (3) Defendants have lost money on the Loan; (4) the Trust has lost money on the Loan; (5) MortgageIt has been paid in full; (6) Defendants have complied with New Jersey Civil Codes regarding mortgages; and (7) whether Fannie Mae lawfully transferred its beneficiary interest in the Note and Mortgage. (Compl. ¶ 145).

The Declaratory Judgment Act provides that, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Before entering a declaratory judgment, "[t]here must be a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987). "The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination." *Id.*

Here, Plaintiff seeks a declaratory judgment regarding the rights and interests under the Note and Mortgage. However, Plaintiff has failed to allege an "adverse legal interest[] of sufficient immediacy." *See Zimmerman*, 834 F.2d at 1170. Indeed, Plaintiff asserts that "Defendants do not have the authority to foreclose on the Subject Property," (Compl. ¶ 144), but fails to allege that

Defendants have actually began the foreclosure process. Rather, Plaintiff wishes to preclude a "future foreclosure" (Compl., Prayer for Relief ¶ 9), and asserts that Defendants have noted their "*intentions* to foreclose upon the Subject Property." (Compl. ¶ 150 (emphasis added)). Without an active foreclosure proceeding, Plaintiff has failed to establish an "adverse legal interest[] of sufficient immediacy." *See Zimmerman*, 834 F.2d at 1170. Accordingly, the Court dismisses Count One *without prejudice*.

   **B.**  **Count Two (Injunctive Relief) lol**

Count Two of the Complaint seeks to enjoin Defendants from selling the subject property. (Compl. ¶ 156). Federal Rule of Civil Procedure 65 allows district courts to grant injunctive relief in the form of temporary restraints. Fed. R. Civ. P. 65. "[I]njunctive relief is "an extraordinary remedy . . . which should be granted only in limited circumstances." *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). But, injunctive relief is just a remedy, it is not a claim upon which relief can be granted. *See Funa v. Pepperidge Farm, Inc.*, No. 07-1743, 2011 WL 891242, at *4 (W.D. Pa. Mar. 11, 2011) ("Because a request for **injunctive relief** is just that—a request for relief—it is **not a *claim*** upon which relief can be granted."). Accordingly, Plaintiff cannot sustain an independent claim for injunctive relief.

To the extent that Plaintiff is seeking injunctive relief based upon the other Counts contained in the Complaint, the Court denies such relief. For a court to grant injunctive relief, a party must demonstrate: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

Here, Plaintiff has failed establish likelihood of success on the merits. First, as indicated above, Plaintiff has failed to allege the existence of a live controversy. Moreover, the undisputed facts do not support Plaintiff's requested relief. Plaintiff does not dispute that he executed the Note, (Compl. ¶ 31), thus establishing the creation of debt. Plaintiff has not alleged that he has paid the note in full, or that the loan is not in default. More importantly, Plaintiff has failed to clearly and sufficiently allege that there is an active foreclosure proceeding pending against the Property. Accordingly, Plaintiff has failed to establish likelihood of success on the merits. The Court hereby grants Defendants' motion to dismiss Count Two *without prejudice.*

### C. Count Three (Quiet Title)

Count Three of the Complaint seeks a "judicial declaration quieting title to the Subject Property in favor of the Plaintiff." (Compl. ¶ 162). Pleading requirements for quiet title are established by the state's quiet title statute. *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 259 (3d Cir. 2002). According to New Jersey law, a complaint seeking quiet title "shall state the manner in which plaintiff either acquired title or the right to possession and shall describe the property with such certainty that the defendant will be distinctly apprised of its location or character." N.J. Ct. R. R. 4:62-1. Furthermore,

> [a]ny person in the peaceable possession of the lands in the state and claiming ownership thereof, may, when his title thereto, or any part thereof, is denied or disputed, or any other person claims or is claimed to own the same, . . . and when no action is pending to enforce or test the validity of such title, . . . maintain an action in the superior court to settle the title . . . to clear up doubts and disputes.

N.J.S.A. 2A:62-1. Accordingly, a plaintiff must describe the nature of the competing claims and allege facts demonstrating that the defendant's claim to the property is wrongful. *English v. Fed. Nat. Mortgage Ass'n*, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013).

Here, Plaintiff's Complaint contains nothing more than conclusory assertions that Plaintiff's interest is superior to Defendants' interest in the Property. (Compl. ¶ 161). Conclusory allegations regarding the Loan, the transfer of interest in the Note, or the illegal assignment of the Mortgage are not sufficient to establish quiet title. *See Reyes v. Governmental Nat'l Mortg. Ass'n*, No. 15-64, 2015 WL 2448962, at *3 (D.N.J. May 21, 2015). Plaintiff fails to allege any *facts* demonstrating the invalidity of the Note, Mortgage, or assignments, or that the Note has been paid in full as to "clear up all doubts and disputes concerning" claims to the Property. N.J.S.A. 2A:62-1. Accordingly, the Court dismisses Count Three of the Complaint *without prejudice.*

## D.     Count Seven (Breach of Fiduciary Duty)

In order to establish a claim for breach of fiduciary duty, a plaintiff must show that: "(1) the defendant had a duty to the plaintiff, (2) the duty was breached, (3) injury to plaintiff occurred as a result of the breach, and (4) the defendant caused that injury." *Goodman v. Goldman, Sachs & Co.*, No. 10-1247 2010 WL 5186180, at *10 (D.N.J. Dec. 14, 2010).

Plaintiff alleges, in a very conclusory manner, that MERS "acquire[d] a fiduciary duty towards Plaintiff" and that "[i]ts actions have breached that duty." (Compl. ¶¶ 184, 185). However, Plaintiff fails to set forth any factual allegations to support the claim that MERS owed him a fiduciary duty, and that the duty was eventually breached. Accordingly, the Court dismisses Count Seven *without prejudice.*[2]

## E.     Count Eleven (Fraud in the Concealment)

Plaintiff asserts that Defendants committed fraud by concealing the fact that the Loan was securitized. (Compl. ¶ 220). Pursuant to Federal Rule of Civil Procedure 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ.

---

[2] To the extent that Plaintiff asserts a breach of fiduciary duty claim against all Defendants, the Court concludes that, for the same reasons as to MERS, Plaintiff has failed to allege a claim against Defendants.

8

P. 9(b). "Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir. 1992).

Here, Plaintiff has failed to allege that Defendants made a specific misrepresentation of fact. Nor does Plaintiff allege how the facts were concealed or whether Defendants had a duty to disclose their intent to securitize the Loan. *See Gonzalez v. U.S. Bank Nat. Ass'n*, No.14-7855, 2015 WL 3648984, at *10 (D.N.J. June 11, 2015) (dismissing plaintiff's fraud claim where there was no allegation of an affirmative misrepresentation or indication of how the facts were concealed). Accordingly, Plaintiff has failed to allege fraud, and the Court dismisses Count Eleven *without prejudice.*

## V.     CONCLUSION

Accordingly, the Court grants Defendants' motion to dismiss Counts One, Two, Three, Seven, and Eleven *without prejudice.* An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**